**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:10CR86(3) |
| | § | (Judge Crone) |
| | § | |
| DAVID LYNN YOUNG | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release.

After the District Court referred the matter to this Court for a report and recommendation, the Court

conducted a hearing on April 4, 2013, to determine whether Defendant violated his supervised

release. Defendant was represented by Frank Henderson. The Government was represented by Glen

R. Jackson .

On October 17, 2011, Defendant was sentenced by the Honorable David Folsom, United

States District Judge, to a sentence of 18 months imprisonment followed by a three-year term of

supervised release for the offense of Distribution of Cocaine Base. Defendant began his term of

supervision on October 24, 2011. On April 16, 2012, the case was reassigned to the Honorable

Marcia A. Crone, United States District Judge.

On February 26, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons

for Offender Under Supervision (the "Petition") (Dkt. 247). The Petition asserts that Defendant

violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use

1

of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released form the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On June 27, 2012, Defendant submitted a urine specimen which tested positive for cocaine. During a home visit on June 28, 2012, Defendant verbally admitted he used cocaine the week prior; (2) Additionally, Defendant submitted a urine specimen that tested positive for cocaine on September 28, 2012. Defendant admitted verbally and in writing that he used cocaine on said date in addition to October 13, 2012; (3) Defendant failed to report to the U.S. Probation Office as directed on February 7, 2013; (4) On January 9, 2013, Defendant had contact with Denton Texas Police Department. He was questioned regarding erratic behavior and harassing customers at the Quick Trip Convenience Store, and the police officers escorted him home. He failed to notify the U.S. Probation Officer within 72 hours of being questioned by law enforcement. On February 14, 2013, Defendant was pulled over and questioned by Denton Texas Police Department. The officer ran Defendant's license plates and received a "hit" for a warrant; however, the warrant was for Defendant's brother and he was released. He failed to notify the U.S. Probation Officer within 72 hours of being questioned by law enforcement. On February 20, 2013, Defendant was stopped by Denton Texas Police Department

for a traffic violation and issued a warning. He failed to notify the U.S. Probation Officer within 72 hours of being questioned by law enforcement; (5) Defendant failed to submit random urine specimens for drug testing at McCary Counseling, Denton, Texas, as directed on January 23, 31, and February 8, 2013. Defendant also failed to attend substance abuse counseling at McCary Counseling, Denton, Texas, as directed on January 29 and February 12, 2013.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 4, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Fort Worth, Texas, if appropriate.

**SIGNED this 7th day of May, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE